**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


MARCUS HALIBURTON
ADC #132635                                                                                    PETITIONER


VS.                                          5:05CV00306 WRW/JTR


LARRY NORRIS, Director,
Arkansas Department of Corrections                                          RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Clerk no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the United States District Judge,
you must, at the same time that you file your written objections, include a "Statement of Necessity"
that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at  the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Background

Pending before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket entry #1.)  Respondent has filed a Response (docket entry #5), to which Petitioner has filed a Reply.  (Docket entry #10.)  Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will briefly review the relevant procedural history of this case.  On December 8, 2004, Petitioner pleaded guilty, in Drew County Circuit Court, to one count of possession of cocaine with intent to deliver, and one count of possession of marijuana with intent to deliver.  (Docket entry #5, Ex. A.)  The Court sentenced Petitioner to an aggregate 10-year term of incarceration in the Arkansas Department of Corrections, with an additional 5-year suspended sentence.  (Docket entry #5, Ex. A.)  Petitioner was represented by retained counsel.

On March 2, 2005, Petitioner filed a Motion for Rule 37 Relief on the ground that he

accepted a plea offer on the mistaken understanding that he was to receive a total 5-year sentence of incarceration, not the total 10-year sentence of incarceration ultimately imposed.  (Docket entry #5, Ex. B.)  Petitioner specifically contends that he misunderstood the nature of the term "ten years with five suspended" as it was used in his plea proceedings.  Petitioner also argues that trial counsel was constitutionally ineffective due to his failure to investigate and assert certain defenses available to him, including suppression of the contraband and an illegal custodial statement.  Importantly, Petitioner's Rule 37 Motion was signed by new retained counsel, but *not* signed or verified by Petitioner.  (Docket entry #5, Ex. B.)

On March 18, 2005, the trial court entered an Order denying Petitioner Rule 37 relief, without a hearing.  (Docket entry #5, Ex. C.)  Petitioner challenged the denial of Rule 37 relief by appealing to the Arkansas Court of Appeals.  (Docket entry #5, Ex. D.)

On August 18, 2005, the State of Arkansas moved to dismiss Petitioner's appeal.[1]  (Docket entry #5, Ex. F.)  The State argued that, because the Rule 37 Motion was not verified by Petitioner, in accordance with Rule 37.1(d) of the Arkansas Rules of Criminal Procedure, the Court lacked jurisdiction.  (Docket entry #5, Ex. F.)  In response, Petitioner argued that Rule 37's verification requirement was "unconstitutional under the 5th, 6th, and 14th amendments to the U.S. Constitution" and conflicted with other state court rules.  (Docket entry #11, Ex. 1.)

On September 8, 2005, the Arkansas Supreme Court handed down a mandate granting the State's Motion to Dismiss Appeal.  (Docket entry #5, Ex. E.)  Petitioner moved for rehearing, which the Court denied on October 6, 2005.  (Docket entry #5, Ex. G.)

---

[1]Although Petitioner's appellate brief was styled before the Arkansas Court of Appeals, the State's Motion to Dismiss was filed before and decided by the Arkansas Supreme Court, which retains jurisdiction in Rule 37 appeals.

On November 7, 2005, Petitioner initiated this federal habeas action.  (Docket entry #1.) Petitioner argues that: (1) his guilty plea was induced by ineffective assistance of counsel; (2) he lacked an understanding of the nature of the charges, available defenses, and consequences of the plea; (3) the police incident report reflected that evidence was obtained by self-incrimination without *Miranda* warnings; (4) the trial court wrongfully denied Rule 37 relief, without an evidentiary hearing; (5) the trial court denied Rule 37 relief despite an allegedly clear record that Petitioner was sentenced to "ten years with five years suspended" which was explained by trial counsel to mean a "five year sentence;" (6) the "Arkansas Court of Appeals [sic] denied Petitioner's request for post-conviction relief without an evidentiary hearing, or other hearing to determine the merits of the appeal;" (7) "the Arkansas Court of Appeals [sic] dismissed the [Rule 37 appeal] solely on the basis of an arbitrary and capricious rule" implemented by the State that places "technical rules of pleading in a position superior to and subversive of [Petitioner's] substantive constitutional rights;" (8) the verification requirement of Rule 37 is selectively enforced; and (9) Petitioner was effectively denied his right to appeal or due process or a liberty hearing.  (Docket entry #1.)  Respondent argues that Petitioner's habeas Petition should be dismissed because he has procedurally defaulted all of his habeas claims. (Docket entry #5.)

For the reasons discussed below, the Court concludes that Respondent's procedural default defense has merit, and recommends that this case be dismissed, with prejudice.

## II. Discussion

According to Respondent,  Petitioner's habeas claims are in procedural default because they were never properly presented to the Arkansas Supreme Court, which dismissed Petitioner's Rule 37 appeal for lack of jurisdiction due to the lack of a verified Rule 37 petition.  Respondent asserts

that the Arkansas Supreme Court's dismissal of Petitioner's Rule 37 appeal constitutes an adequate and independent state procedural ground barring habeas review.

In response, Petitioner argues that the Rule 37 verification requirement is *not* an adequate and independent state procedural ground.   Petitioner claims that the Arkansas Supreme Court's interpretation of Rule 37's verification requirement is a "substantial bar to court access and to justice, and is not justified by any compelling governmental interest, particularly not justified by any concerns with 'perjury' that could be more effectively, and less punitively, addressed by providing for appearances by the parties before the circuit courts on the petitions."   (Docket entry #10.) Petitioner asserts that he did all he could to prosecute his petition, including retaining a lawyer whom he authorized to sign his petition.   According to Petitioner, the Arkansas Supreme Court's decision not to consider his Rule 37 petition,  based on the lack of verification, is a "0violat[ion of]  federal guarantees of fairness and due process in criminal matters under the 1st, 5th, 6th, 8th and 14th Amendments to the United States Constitution."   (Docket entry #10.)

A federal court "is prohibited from reviewing an issue that the state court has resolved on an adequate and independent state ground, including procedural default." *Winfield v. Roper*, 460 F.3d 1026, 1036 (8th Cir. 2006). This doctrine is "grounded in concerns of comity and federalism[,]" such that habeas relief does not "offer prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the state's interest in enforcing its laws." *Coleman v. Thompson*, 501 U.S. 722, 730-31, (1991).  A habeas petitioner who has not met state procedural requirements for presenting his federal claims "has deprived the state courts of the opportunity to address those claims in the first instance." *Id.* at 732.

A state procedural rule is an "independent" state basis for decision when "it is neither intertwined with, nor dependent upon, federal law[.]" *Malone v. Vasquez*, 138 F.3d 711, 717 (8th Cir. 1998) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).  Moreover, it is an "adequate" basis for a decision when it meets the test articulated in *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991), that the state procedural rule "must have been firmly established, regularly followed, and readily ascertainable" when applied to the petitioner.  *Malone*, 138 F.3d at 717 (citing *Ford*).

The Court has been unable to locate an Eighth Circuit decision specifically deciding whether Rule 37's verification requirement is an adequate and independent state procedural bar.  However, in *Walker v. Norris*, 436 F.3d 1026, 1031 (8th Cir. 2006), the Court considered whether an unverified Rule 37 petition, which ultimately was rejected by the Arkansas Supreme Court for lack of jurisdiction, was "properly filed" for purposes of tolling of the statutory limitations period applicable to habeas petitions.  The petitioner in *Walker* argued that the state-court verification ruling did not bar federal habeas review because the rule "(1) was not firmly established at the time he filed his Rule 37 petition, (2) has not been followed regularly or applied consistently, (3) does not provide guidance as to what constitutes a properly verified petition, and (4) does not provide reasonable notice that notarization of the petition is jurisdictionally required." *Walker*, 436 F.3d at 1029.  The Court rejected those arguments and concluded that the unverified petition was not "properly filed" for purposes of tolling the limitations period.  *Walker*, 436 F.3d at 1031.[2]

---

[2]Other state post-conviction petition verification requirements have been held to constitute adequate and independent state law grounds for procedural default.  *See Malone v. Vasquez*, 138 F.3d 711, 717-18 (8th Cir. 1998) (Missouri post-conviction petition verification requirement was adequate and independent state law ground); *Hardin v. Chandler*, 36 Fed. Appx. 769, 771 (6th Cir. 2002) (unpublished decision) ("Kentucky post-conviction petition verification requirement is an adequate and independent state ground upon which the state courts can rely to refuse to consider the merits of [a petitioner's] post-conviction motion").

In pertinent part, Rule 37.1 of the Arkansas Rules of Criminal procedure provides that a petitioner "may file a verified petition in the court which imposed the sentence, praying that the sentence be vacated or corrected." Ark. R. Crim. P. 37.1(d) (2005).[3] The Arkansas Supreme Court has long held that this language means that a motion for post-conviction relief must be verified by a petitioner as a prerequisite for jurisdiction, "a  requirement of substantive importance to prevent perjury." *See Carey v. State*, 268 Ark. 332, 333, 596 S.W.2d 688, 689 (1980); *see also Knappenberger v. State,* 278 Ark. 382, 384, 647 S.W.2d 417, 418 (1983) ("Rule 37.1 requires that a motion for postconviction relief must be verified"). In *Boyle v. State*, 362 Ark. 248, 250-51, 208 S.W.3d 134, 136 (2005) (*per curiam*), the Court has extended this holding to apply to a petitioner who filed a petition that was signed by counsel but not by petitioner even though the trial court disposed of the petition on grounds other than lack of verification.  The Court reiterated that the verification requirement "is of substantive importance to prevent perjury," and "that, in order for that purpose to be served, the petitioner must execute the verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him." According to the Court, "*Boyle* merely confirmed a position already announced by this court that has long been the rule of law in this state." *Ratchford v. State*, 2006 WL 1032377 (Ark. 2006) (unpublished *per curiam*) ("Explicitly in *Boyle* and implicitly in prior rulings, this court has recognized that an attorney may not sign a Rule 37.1 verification on behalf of his client even when the petitioner affirmatively authorizes his counsel to do so.").

---

[3]The current version of Rule 37, effective March 1, 2006, specifies a form affidavit that the verification is to substantially follow, *see* Ark. R. Crim. P. 37.1(c) (2007), and expressly states that a "circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c)." Ark. R. Crim. P. 37.1(d).

Based on the foregoing cases, the Court agrees with Respondent that the Arkansas Supreme Court's decision dismissing Petitioner's Rule 37 appeal for lack of jurisdiction was resolved on an adequate and independent state ground, namely Petitioner's failure to verify his Rule 37 Petition. Thus, the Court is precluded from habeas review of Petitioner's procedurally defaulted claims unless Petitioner can demonstrate cause and prejudice or the actual innocence exceptions to the procedural default rule.

To obtain review of a defaulted constitutional claim, "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has not made such a showing. While the Court notes that attorney error resulting in procedural default may constitute cause if the performance is constitutionally deficient, the Eighth Circuit has consistently held that there is no Sixth Amendment right to effective assistance of counsel in post-conviction proceedings. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)).

Additionally, Petitioner has not demonstrated a miscarriage of justice through actual innocence. While Petitioner suggests that he was innocent of the crimes to which he pleaded guilty, based on violations of his rights under the Fourth and Fifth Amendments, this argument does not support a claim of actual innocence. In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *see also Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime").

8

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  (docket entry #1) be DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 27th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE